

**U.S. Department of Justice**

*United States Attorney*
*District of Nevada*

100 West Liberty, Suite 600    (775) 784-5438
Reno, Nevada 89501             FAX: (775) 784-5181

January 3, 2006

## MEMORANDUM OF PLEA NEGOTIATIONS

TO:      Honorable ~~Larry R. Hicks~~ EDWARD C. REED, JR.,
         Senior United States District Judge

FROM:    Paul L. Pugliese
         Assistant United States Attorney

SUBJECT: United States v. Wanda Hernandez
         03:05-cr-184-ECR-VPC

U.S. DISTRICT COURT
DISTRICT OF NEVADA
FILED
JAN 2 0 2006
CLERK, U.S. DISTRICT COURT
                                    DEPUTY

I.       PLEA NEGOTIATION

The defendant, Wanda Hernandez, is charged in an indictment filed on September 14, 2005, with one count of possession of stolen mail in violation of Title 18, United States Code, Section 1708. The Government and the defendant have agreed to the following:

1. The defendant will plead guilty to the sole count of the indictment filed on September 14, 2005.

2. This plea is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure and is not intended to be binding on the Court.

3. The parties agree that, pursuant to United States v. Booker, 125 S.Ct. 738 (U.S.S.C. 2005), the United States Sentencing Commission Guidelines are advisory, yet the Court shall consider these guidelines in determining a reasonable sentence along with the factors to be considered in imposing a sentence set forth at Title 18, United States Code, Section 3553(a).

4. The Base Offense Level for the offense set forth in count one of the indictment, pursuant to U.S.S.G. §2B1.1(a)(2), is Level 6.

5. The Government agrees not to oppose the defendant's request for a reduction of 2 levels for Acceptance of Responsibility under U.S.S.G. §3E1.1(a) as long as the defendant continues to clearly demonstrate her acceptance of Responsibility in all further criminal proceedings, to include her interview with the U.S. Probation Service.

6. The Government agrees not to seek an upward departure in this case and will not seek any enhancement to the offense level under U.S.S.G. Chapter Three.

United States v. Wanda Hernandez
January 3, 2006
Page 2

7. The parties are unaware of any other facts or circumstances beyond those set forth, above, that would allow for any other adjustments to the Offense Level under U.S.S.G. Chapters Two or Three.

8. The Parties agree that the United States Attorney's Office is not bound by the United States Probation Office's decision as to whether the defendant has accepted responsibility and it is understood that the United States Attorney's Office will make its own independent evaluation of this adjustment to the Offense Level.

9. The parties agree that the Offense Level and Criminal History Category are based upon information concerning this offense and the defendant as it is known at the present time and could change based upon the findings of the District Court at the time of sentencing. The determination of the Criminal History Category directly affects the possible sentencing range available to the Court. The parties have not made any stipulation concerning the defendant's criminal history and are free to argue the Criminal History Category applicable to the defendant.

10. The Government will recommend a sentence at the low end of the advisory guideline range for the offense of possession of stolen mail in violation of Title 18, United States Code, Section 1708, as charged in the sole count of the indictment.

11. The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. In addition, in order to determine a reasonable sentence, the Court will consider the United States Sentencing Commission Guidelines along with the factors to be considered in imposing a sentence set forth at Title 18, United States Code, Section 3553.

12. The defendant is also aware that Title 18, United States Code, Section 3742 gives her the right to appeal the sentence to be imposed and that other federal laws provide rights to appeal other aspects of her conviction. In exchange for the concessions made by the United States in the instant plea agreement, the defendant knowingly and expressly waives her right to appeal any sentence to be imposed that is within the applicable sentencing guideline range, further waives her right to appeal the manner in which that sentence was determined on the grounds set forth in Title 18, United States Code, Section 3742, and further waives her right to appeal any other aspect of her conviction or sentence. The defendant reserves only the right to appeal any sentence imposed that is an upward departure and outside the range established by the applicable, advisory sentencing guideline.

United States v. Wanda Hernandez
January 3, 2006
Page 3

II.         PENALTY:

Statutory:

Title 18, United States Code, Section 1708 provides for a penalty of imprisonment of not more than five years, a fine under Title 18, United States Code, or both.

Title 18, United States Code, Section 3571(b)(3), provides that a fine of not more than $250,000.00 may be imposed in addition to any term of imprisonment.

Probation is available as a punishment for this offense. If the Court sentences the defendant to probation, Title 18, United States Code, Section 3561(c)(1) provides that a term of probation of not less than 1 nor more than 5 years.

Under 18 U.S.C. §3559(a)(4), the instant offense is a Class D felony, and, therefore, pursuant to 18 U.S.C. §3583(b)(3), an authorized term of supervised release of not more than 3 years may be imposed.

A federal prison sentence can no longer be shortened by early release on parole, because parole has been abolished. A defendant may qualify, however, for a reduction of approximately 15% of the sentence for good conduct. 18 U.S.C. § 3624(b).

Pursuant to Title 18, United States Code, Section 3663A, restitution is mandatory.

Pursuant to Title 18, United States Code, Section 3013, a mandatory special assessment of $100.00 must be imposed for the count of conviction.

Sentencing Guidelines:

The Sentencing Guidelines provide that the possible range of sentence to imprisonment for the offense of possession of stolen mail in violation of Title 18, United States Code, Section 1708, is from 0-6 months for Offense Level 4 with a Criminal History Category I to 12-18 months for an Offense Level 6 with a Criminal History Category VI, depending upon the Court's determination of the Offense Level and the Criminal History Category.

Probation is available if the minimum term of imprisonment under the Guideline range is in Zone A, U.S.S.G. §5B1.1(a)(1) and §5C1.1(b).

If the minimum term is in Zone B, probation is only available if it includes a condition or combination of conditions that require intermittent confinement, community confinement, or home detention. U.S.S.G. §5B1.1(a)(2) and §5C1.1(c)(3). The Court may also impose a

United States v. Wanda Hernandez
January 3, 2006
Page 4

sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention, provided that at least one month is satisfied by imprisonment. U.S.S.G. §5C1.1(c)(2).

If the minimum term is in Zone C, a term of imprisonment must be imposed, but may include a term of supervised release with a condition that substitutes community confinement or home detention, but at least one-half the minimum term must be satisfied by imprisonment. U.S.S.G. §5C1.1(d)(2).

If the minimum term is in Zone D, then the minimum term must be satisfied by a sentence of imprisonment only. U.S.S.G. §5C1.1(f).

Pursuant to U.S.S.G. §5D1.1, a term of Supervised Release following a term of imprisonment is required when the term of imprisonment is more than 1 year. Under Title 18, United States Code, Section 3559(a)(4), the offense of possession of stolen mail in violation of Title 18, United States Code, Section 1708, is a Class D felony and, therefore, pursuant to U.S.S.G. §5D1.2(a)(2), a term of Supervised Release of at least 2 years, but not more than 3 years, must be ordered.

Under U.S.S.G. §5E1.2(c), a fine may be imposed depending upon the Court's finding of the appropriate Offense Level, which may range from a minimum of $250.00 at Offense Level 4 to a maximum of $5,000.00 at Offense Level 6. Pursuant to U.S.S.G. §5E1.2(e), the Court is authorized to waive any fine, impose a lesser fine or an alternative sanction, such as community service, if a defendant establishes she does not have the ability to pay a fine.

III.   ESSENTIAL ELEMENTS OF THE OFFENSE

Before a verdict of guilty may be reached, the Government would have to prove the essential elements of the offense beyond a reasonable doubt as follows:

First:   That mail was stolen from an authorized depository for mail matter; and

Second:   That the defendant had possession of the mail knowing that it had been stolen.

United States v. Wanda Hernandez
January 3, 2006
Page 5

IV.     FACTS TO SUPPORT A PLEA OF GUILTY

Between September 4 and September 7, 2003, Defendant was in possession of two checks drawn on the Greater Nevada Credit Union account of Judy S. Fletcher-Machal. On September 4, 2003, Ms. Fletcher-Machal had placed these checks with other outgoing mail in the mailbox of her residence in Carson City, Nevada. This mailbox was an authorized depository for mail matter. The outgoing mail, to include these two checks, was subsequently stolen from Ms. Fletcher-Machal's mailbox by Defendant. For a short period of time, Defendant possessed the two checks knowing that they had been stolen. She then gave both checks to Ms. Tara Drew knowing the latter would use them for her own, unauthorized benefit.

V.      STATEMENT OF THE DEFENDANT

I, WANDA HERNANDEZ, hereby acknowledge that I have thoroughly read and reviewed this memorandum with my attorney and agree that this memorandum completely and accurately states the facts supporting my plea of guilty and the negotiations between myself, my attorney, and the United States Attorney's Office. I have discussed the contents of this memorandum with my attorney and it has been explained to my satisfaction.

I have explained the facts and circumstances surrounding this case completely to my attorney and have been advised of what legal courses of action I might take. These discussions have included what might happen if I go to trial, what evidence the Government has against me, and the possible defenses, if any, I may have to these criminal charges.

My attorney has not promised me anything not mentioned in this plea memorandum and, in particular, my attorney has not promised that I will get any specific sentence. I understand that any discussions with my attorney about the possible sentence I might receive from the Court are just predictions and not binding on the Court. I know I cannot withdraw my guilty plea because my attorney's sentencing predictions turn out to be wrong.

My attorney has also explained to me my Constitutional Rights, including my right to a jury trial, to confront my accusers, to call witnesses on my own behalf, and my right to remain silent. My attorney has further explained to me that I have to waive these rights, that is, give them up, in order to have my guilty plea accepted by the Court.

I understand that the United States Attorney's Office will fully inform the Court and the United States Probation Office of the nature, scope, and extent of my conduct regarding the facts and circumstances of the charges against me, and any and all related matters in aggravation or mitigation concerning the issue of my sentencing.

United States v. Wanda Hernandez
January 3, 2006
Page 6

      I know if the Government is making a non-binding recommendation as to what type of sentence I should receive, the Court does not have to follow that recommendation. I also understand that I cannot withdraw my guilty plea because the Court decides to not follow the non-binding sentencing recommendation of the Government.

      I further understand that the matter of sentencing is entirely up to the Court. Any stipulations or agreements between myself, my attorney, and the United States Attorney's Office are not binding upon the Court. I know the Court will decide my sentence based upon the facts of this case and my personal background. I fully understand that my sentence could be anywhere within the ranges set forth in Section II of this Memorandum, up to the statutory maximums also set forth in Section II of this Memorandum.

      Finally, I understand that the decision to plead guilty or go to trial is mine alone. As stated above, I have discussed this case fully with my attorney and received legal advice about what is the best course of action that I should take. My decision after receiving this advice is to plead guilty under this agreement.

_____   1-20-06
WANDA HERNANDEZ            Date
Defendant

_____   1-20-06
DON EVANS                  Date
Counsel for Defendant